Mr. Thomas Flowers, Chairman Conway County Election Commission c/o Ms. Beverly Paladino County and Probate Clerk Conway County Courthouse 115 South Moose Street Morrilton, Arkansas 72110
Dear Mr. Flowers:
This is in response to the Conway County Election Commission's request for an opinion concerning the payment of expenses for school elections. The request has been submitted by Ms. Beverly Paladino, Secretary of the Commission, and she notes that A.C.A. § 6-14-102(c) permits a school district to postpone the annual September school election to the November general election, provided that no candidate is opposed and there are no ballot issues. Another statute, A.C.A. § 6-14-118, describes the method of calculating each school district's financial obligation to the county election commissioners for the cost of the annual school election which is held in September of each year. Ms. Paladino notes that one or more of the school districts in Conway County hope to be able to take advantage of A.C.A. § 6-14-102(c) and postpone the annual school election until the general election. The question posed in light of these two statutes is "[h]ow should the financial obligation of a school district to the county election commissioners for the expense of the annual school election be calculated when the school election is held as part of the general election?"
The statutes referred to above provide in pertinent part, respectively, as follows:
 (c) In an even-numbered year, if no more than one (1) candidate for school district director or member of the county board of education presents a petition or notice in writing to the county board of election commissioners as required by § 6-14-111, and there are no other ballot issues to be submitted to district electors for consideration, the board of directors of any school district may, by resolution duly adopted, request the county board of election commissioners to change the date of the annual school election to coincide with that of the general election.
A.C.A. § 6-14-102(c) (Supp. 1997), as added by Act 1281 of 1995.
The pre-existing statute which governs the payment of expenses for the annual school election in September states that:
 (a) In school elections, the school districts in the county shall reimburse the county board of election commissioners for the entire cost of the election, with each district's share of the total being determined by multiplying the total cost of the election by a fraction, the numerator of which is the number of operating boxes used in the election in each school district of the county and the denominator of which is the total number of boxes used in the election.
 (b) At all annual or special elections, the board of directors of each district shall pay the expenses of the election out of the school fund.
A.C.A. § 6-14-118 (Repl. 1993). Subsection (a) was added by Act 978 of 1993.
In my opinion the statutes do not speak directly to the issue posed. The statute prescribing the method for calculation of expenses (A.C.A. §6-14-118) was enacted at a time when the annual school election was held separately from the general election, and all school districts participated in the payment of expenses. It is impossible to apply the formula set out in that statute to the newly authorized procedure of allowing some districts, in some instances, to conduct the annual school election on the same date as the general election.
There is currently, therefore, no formula or governing procedure to allocate expenses to school districts which conduct annual school elections at the general election. The issue is one that could benefit from clarification at the upcoming 1999 regular session of the General Assembly. In the interim, the various county boards of election commissioners may wish to consult with officials at the Secretary of State's office, pursuant to A.C.A. § 7-4-101(g), for guidance on the question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh